UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARRYL PETLOCK,** | Civil Action No. 22-344 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondents. | |

**WIGENTON**, District Judge:

     Presently before the Court is the motion to vacate, set aside or correct sentence by Petitioner Darryl Petlock (ECF No. 1) brought pursuant to 28 U.S.C. § 2255, with respect to Criminal Action No. 12-cr-00623-SDW. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence, and the judge must promptly examine it. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the moving party." Rule 4(b). For the reasons discussed below, the Court dismisses the motion because some of the claims are procedurally defaulted, and the default is not excused, and the remaining claims plainly lack merit based on the motion and record of prior proceedings.

1

## I. BACKGROUND

On February 25, 2020, Petitioner was granted permission to proceed pro se (ECF No. 30, *U.S. v. Petlock*, Criminal Action No. 12-623 (SDW) (DNJ)), and this Court entered judgment against Petitioner for revocation of supervised release.[1] (*Id.*, ECF No. 31.) This Court sentenced Petitioner to a 60-month term of imprisonment, consecutive to any previous State or Federal sentence. (*Id.*) On March 6, 2020, Petitioner proceeded pro se on his appeal to the Third Circuit Court of Appeals. (*Id.*, ECF No. 40.) According to the Third Circuit Court of Appeals, he raised the following grounds for relief on appeal:  1) the District Court erred in granting his request to proceed pro se at the revocation hearing; (2) his state court conviction involving drug-trafficking and firearms was invalid (multiple claims of error); (3) the District Court lacked jurisdiction to adjudicate the revocation petition because the revocation arrest warrant was not based on probable cause or supported by oath or affirmation; (4) the District Court unconstitutionally delayed adjudication of the revocation petition until the state court charges were resolved; (5) Petlock was never provided certain documents, including the amended petition for revocation and *Brady* material; (6) after permitting Petlock to proceed pro se, the District Court "forced an Immediate Hearing" and "forced [him] to file all motions without discovery[;]" (7) he was detained for a prolonged period of time without a hearing; (8) he was deprived of a preliminary hearing; (9) he was denied right to counsel as soon as the revocation detainer and petition were lodged against him; (10) he was denied the right to a speedy revocation hearing; (11) he was denied the right to be unshackled during a juryless revocation hearing; (12) he was denied an opportunity to attempt to suppress evidence and to present expert testimony to assist in his defense against the charge that

---

[1] Petitioner was serving a term of supervised release. "He violated a condition of his release when he committed aggravated manslaughter, to which he pled guilty in state court." *United States v. Petlock*, 843 F. App'x 441, 444 (3d Cir. 2021).

he violated his supervised release; (13) he was not permitted to file a reply brief in support of his amended motion to dismiss the revocation petition and a host of other documents; (14) the District Court erred in not reducing his violation of supervised release sentence for supposedly overserving his state sentence. *Petlock*, 843 F. App'x 441, 443-46 (3d Cir. 2021). On February 11, 2021, the Third Circuit Court of Appeals affirmed the revocation of supervised release and the sentence. *Id.* at 446.

Petitioner filed the present motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on January 24, 2022. He raises the following grounds for relief: (1) his conviction and sentence are invalid because the Judgment of Conviction does not include the criminal statute he was convicted of violating; (2) the PSR contains a Guideline error that affected the sentence imposed; (3) the BOP failed to properly credit his pretrial jail credits and the Third Circuit never addressed this issue, although it was raised on appeal; (4) a stand-alone sentence imposed under 18 U.S.C. § 924(c)(1)(A)(i) is an illegal sentence; (5) a five-year period of supervised release imposed for a Class D felony is an illegally imposed period of supervision; (6) the District Court erred in failing to adjust sentence to reflect restrictions upon Defendant's liberty; (7) the District Court failed to properly consider the predicate offense, and a 60-month term of imprisonment is unreasonable under the circumstances, and the Court of Appeals failed to address this issue; (8) the sentence being served is illegal due to COVID-19 and the BOP's containment measures, which have affected the actual length of the sentence. (ECF No. 1.) Petitioner submits that grounds 1, 2, 4, 5, and 8 were not previously presented in federal court for the following reasons:

> Unaware of plain errors, d[ue] to COVID Defendant did not possess a complete copy of discovery materials. Defendant's access to Hudson County Jail[']s law library/library also held Defendant['] s legal material was severely restricted d[ue] to COVID-19. Held at Hudson County Jail at the height of the initial pandemic under severe lockdown restrictions d[ue] to COVID-19. Transferring from

3

> County to State to federal custody (U.S. Marshals) then BOP resulted in the complete loss of all legal materials. The aforementioned reasons created a scenario where Defendant was unable to file a meaningful appeal. Denial of access to courts. Furthermore, d[ue] to COVID lockdowns and the Court of Appeals' failure to notify Defendant of its decisions prevents Defendant from filing a motion for reconsideration/rehearing to address issues that are unclear.

(ECF No. 1 at 16, ¶ 13.)

## II. DISCUSSION

### A. STANDARD OF REVIEW

A convicted defendant commits a double procedural default on claims that he did not raise at trial or on direct appeal. *United States v. Frady*, 456 U.S. 152, 167–68 (1982). To obtain collateral relief on procedurally defaulted claims, a defendant must show cause to excuse the default and actual prejudice resulting from the alleged errors. *Id.*[2] To establish "cause" for procedural default, a defendant must show that "'some objective factor external to the defense impeded counsel's efforts to raise the claim." *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005), as amended (Mar. 8, 2005) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)). Factors external to the defense that may excuse procedural default include interference by officials and unavailability of the factual or legal basis for a claim. *Id.* (citations omitted).

### B. ANALYSIS

Petitioner alleges that he was unable to file a meaningful appeal due to COVID-19 lockdown conditions during his incarceration and that his multiple transfers between facilities

---

[2] A claim of actual innocence may also excuse procedural default, but actual innocence is factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner has not alleged actual innocence.

4

prevented his access to his legal files and the law library. This argument applies to grounds 1, 2, 4, 5 and 8 of his § 2255 motion. Petitioner's contention is belied by his ability to raise fourteen claims on direct appeal to the Third Circuit Court of Appeals, a task that demonstrates knowledge of the law and facts applicable to his claims, despite his claim of limited access to his legal files and the law library. Furthermore, there is no indication on the docket for Petitioner's appeal in the Third Circuit Court of Appeals that Petitioner requested an extension of time to file an amended brief[3] raising new claims because he was unable to access the legal materials he required. *See*, *USA v. Petlock*, No. 20-1424 (3d Cir. 2020).[4] Therefore, Petitioner has not shown that the COVID-19 lockdown restrictions during his incarceration or his transfers between facilities were the cause of his procedural default.

Next, Petitioner contends that the Third Circuit's failure to notify him of its ruling on his direct appeal prevented him from filing a motion for reconsideration or a rehearing on claims he believes the Third Circuit misconstrued.

> A § 2255 motion does not function as a second appeal, *see United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and thus it does not ordinarily allow for re-review of issues raised on direct appeal. *See, e.g., Travillion*, 759 F.3d at 288; *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981); *see also Kaufman v. United States*, 394 U.S. 217, 227 n.8, 89 S. Ct. 1068, 22

---

[3] "The appellant must serve and file a brief within 40 days after the record is filed." Fed. R. App. P. 3(a)(1). "For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26(b).

[4] The Third Circuit docket is available online at www.pacer.gov (last visited February 23, 2022). This Court notes that on January 15, 2021, Petitioner filed an emergency motion in the district court, Criminal Action No. 12-623 (SDW), for an order correcting the record with respect to his request to the Bureau of Prisons for compassionate release or early release to home confinement. (ECF No. 53.) Although Petitioner complained of lack of access to his legal files and the prison law library due to his transfer from Hudson County Jail to FCI Schuykill from November 23, 2020 through December 2, 2020, and the subsequent COVID-19 lockdown restrictions through the date of his motion, January 9, 2021, Petitioner did not argue that he had been unable to raise all of his claims on direct appeal, and he noted that his appeal was pending. (*Id.*)

>  L.Ed.2d 227 (1969) ("Where a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing.")

United States v. Braddy, 837 F. App'x 112, 115 (3d Cir. 2020). Petitioner's remedy for claims that were raised on direct appeal lies with the Third Circuit (excusing his untimeliness for reconsideration or rehearing) or the U.S. Supreme Court (on petition for discretionary review).

Defendant contends grounds 3, 6 and 7 of his § 2255 motion are not defaulted because the Third Circuit misconstrued those claims and never addressed the issues that are presented here. Petitioner's third ground for relief is that the Bureau of Prisons failed to properly credit his pretrial jail credits. This claim challenges the duration of confinement by the Bureau of Prisons and must be raised under 28 U.S.C. § 2241 in the district of confinement, after exhausting administrative remedies. *See e.g., D'Amario v. Warden Fairton FCI*, 586 F. App'x 828, 830 (3d Cir. 2014) ("The District Court properly held that D'Amario failed to exhaust his claim that his probation violation sentence should be credited with the 27 days that he spent in Canadian immigration custody.") The claim is not cognizable here.

For his sixth ground for relief, Petitioner alleges that the District Court erred in failing to adjust sentence his sentence to reflect restrictions upon Defendant's liberty while on supervised release. Authority to calculate prior custody credit under 18 U.S.C. §3585(b) lies with the Attorney General, delegated to the Bureau of Prisons. *United States v. Jones*, 74 F. App'x 180, 181 (3d Cir. 2003) (citing *United States v. Wilson*, 503 U.S. 329, (1992); *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002) ("it is the Bureau of Prisons that has authority to decide how credit is to be determined.") Thus, Petitioner is not precluded from bringing this claim in a habeas petition under 28 U.S.C. § 2241 in the district of confinement, after exhausting administrative remedies. *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

6

Finally, Petitioner asserts that the Court of Appeals failed to address his claim, presented in ground seven of his § 2255 motion, that this Court failed to properly consider his predicate offense, and that a 60-month term of imprisonment is unreasonable. This Court will address this claim on the merits. To impose a reasonable sentence, a district court must meaningfully consider the following factors pursuant to 18 U.S.C. § 3553(a), and reasonably apply the following factors to the circumstances of the case:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed-
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
>
> (5) any pertinent policy statement ... issued by the Sentencing Commission ...;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (quoting *U.S. v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) *abrogated on other grounds by Rita v. U.S.*, 551 U.S. 338 (2007)).

Upon revocation of supervised release, this Court heard from Petitioner regarding sentencing factors. (ECF No. 43 at 27-30.) This Court recognized that Petitioner took great strides to better himself while incarcerated and on supervised release, but he had pled guilty to committing the very serious crime of manslaughter while he was on supervised release. (ECF No. 43.) *See, United States v. Young*, 634 F.3d 233, 239 (3d Cir. 2011) ("the 'nature and circumstances of the offense,' a mandatory revocation consideration under § 3583(e), necessarily encompasses the seriousness of the violation of supervised release.") This sentence was within the Sentencing Guidelines and did not exceed the statutory maximum of 60-months. *See, e.g,., Bungar*, 478 F.3d at 546 (holding the defendant did not demonstrate that statutory maximum term of imprisonment for violation of supervised release was unreasonable.) Therefore, it plainly appears from the record that Petitioner is not entitled to relief on this claim.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because some of Petitioner's claims are procedurally defaulted and Petitioner has not set forth cause and prejudice or actual innocence that would excuse his default and the remaining claims are plainly without merit, this Court denies Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.  An appropriate order follows.

**DATED:  February 25, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Hon. Susan D. Wigenton,
　　　　　　　　　　　　　　　　　　　　United States District Judge